IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES EVERETT BARKER                                                    PLAINTIFF

v.                            CIVIL NO. 10-2057

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, James Everett Barker, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

I.   **Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on February 13, 2007, alleging an inability to work since July 5, 2006, due to lumbar strain, seizures and headaches.

(Tr.14, 56). An administrative hearing was held on April 15, 2009, at which Plaintiff appeared and testified.[1] (Tr. 182-233).

By written decision dated August 27, 2009, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 16-17). Specifically, the ALJ found Plaintiff had the following severe impairments: lumbar strain, seizures and headaches. However, after reviewing all of the evidence presented, she determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except claimant can sit (with normal breaks) for a total of four of eight hours in an eight hour work day, and stand and/or walk (with normal breaks) for four of eight hours in an eight-hour work day, he cannot climb ladders, scaffolds, or ropes, and he should not be exposed to unprotected heights or dangerous machinery. Claimant should not be required to operate motor vehicles as part of work. The claimant can climb ramps and stairs, stoop, bend, crouch, crawl, kneel, balance occasionally in an eight hour work day, but he must be able to alternate between sitting and standing. The claimant must work where instructions are simple and non-complex; interpersonal contact with co-workers and the public is superficial and incidental to the work performed; the complexity of tasks is learned and performed by rote; the work is routine and repetitive; there are few variables; little judgment is required; and the supervision required is simple, direct, and concrete.

(Tr. 18). With the help of a vocational expert, the ALJ determined Plaintiff could perform other work as a production worker and a hand packager. (Tr. 22).

---

[1] The record reflects Plaintiff's attorney did not appear at the scheduled hearing. (Tr. 184). The ALJ thoroughly discussed the procedure with Plaintiff, and Plaintiff decided to represent himself during the hearing. (Tr. 184-199)

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on April 14, 2010. (Tr. 3-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11-12).

## II.     Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results

from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**III.   Discussion**:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). Limitations

resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the medical evidence reveals Plaintiff has sought treatment for back and leg impairments caused by an on-the-job injury, headaches, hallucinations, memory and speech problems, and muscular activity that caused him to shake. The ALJ found that despite Plaintiff's severe impairments he had the RFC to perform light, unskilled work with limitations. (Tr. 17-18). In making this determination, the ALJ found that the medical evidence of record and the findings and opinions of Plaintiff's examining and treating physicians supported this RFC finding. (Tr. 20). What is troubling to the undersigned is that the ALJ failed to address Dr. John R. Williams' March 24, 2009 medical notes, in which he diagnosed Plaintiff with presenile dementia[2] with depressed mood. (Tr. 176-177). This diagnosis, along with Plaintiff's treatment for the re-occurrence of headaches and seizure-like activity, that first occurred twenty years ago and returned in 2008, as well as memory and speech problems, occurred after the most recent medical assessment of Plaintiff's ability to perform work-related activities completed on August 11, 2008. (Tr.150-155, 158-162, 171-177, 179-181A). Accordingly, the Court finds remand

---

[2] Presenile Dementia is defined as dementia occurring in younger persons, usually in persons age 65 or younger. See Dorland's Illustrated Medication, Dictionary at 492, 31st Edition (2007). This term is also used as a synonym of dementia of the Alzheimer type. Id.

AO72A
(Rev. 8/82)

necessary so that the ALJ can more fully and fairly develop the record regarding both Plaintiff's mental and physical RFC.

On remand, the ALJ is directed to obtain a mental RFC assessment from Plaintiff's treating and/or examining physicians[3] asking the physicians to review Plaintiff's medical records; to complete a mental RFC assessment regarding Plaintiff's capabilities during the time period in question; and to give the objective basis for their opinions so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. The ALJ may also order a consultative psychological exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform a mental evaluation, and complete a mental assessment of Plaintiff's ability to perform work-related activities for the relevant time period in question. See 20 C.F.R. § 404.1517.

We further note that the medical evidence is somewhat ambiguous with regard to Plaintiff's physical limitations and his physical RFC. On remand, the ALJ is directed to address interrogatories to Drs. John R. Williams and Duane L. Birky asking them to review Plaintiff's medical records and complete a physical RFC assessment regarding Plaintiff's capabilities during the time period in question.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

---

[3] The record reveals Plaintiff reported that he was undergoing counseling and treatment at Western Arkansas Counseling & Guidance Center in 2009. (Tr. 176).

**IV.     Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 7th day of April 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**