IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES EVERETT BARKER                          PLAINTIFF

       v.                        CIVIL NO. 10-2057

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration            DEFENDANT

**O R D E R**

       Plaintiff, James Everett Barker, appealed the Commissioner's denial of benefits to the Court. On April 7, 2011, a Judgment was entered remanding Plaintiff's case to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g). (Doc.14). Plaintiff now moves for an award of $2,286.50 in attorney's fees under 28 U.S.C. §2412, the Equal Access to Justice Act (hereinafter "EAJA"). (Doc. 15). Defendant has filed a response to Plaintiff's application, stating that he does not oppose an award to Plaintiff in the amount requested. (Doc. 17).

       Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case

for further proceedings is a prevailing party. After reviewing the file, the Court finds that Plaintiff is a prevailing party in this matter.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of

AO72A
(Rev. 8/82)

the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $165.00 for 13.10 hours of work performed in 2010 and 2011, which he asserts was devoted to the representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Id., 461 U.S. at 437. Attorney's fees may not be awarded in excess of $125.00 per hour-the maximum statutory rate under § 2412(d)(2)(A) - unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. §2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). Although Plaintiff's counsel did not submit a CPI in support of his requested hourly rate, the Court takes judicial notice that the Consumer Price Index for the South (CPI-U South), published by the Bureau of Labor Statistics, United States Department of Labor, reflects a cost of living increase that would support the requested hourly rate. See http://www.bls.gov/xg_shells/ro6xg01.htm; Fed. R. Evid. 201; Hillensbeck v. United States, 74 Fed.Cl. 477, 483 (Fed. Cl. 2006). In addition, the Defendant does not object to the $165.00 hourly rate. The Court will therefore award Plaintiff's counsel an hourly rate of $165.00.

Plaintiff's counsel has also requested paralegal hours of work at the rate of $50.00 per hour. We find $50.00 per hour for paralegal work to be reasonable.

The Court will next address the number of hours Plaintiff's counsel has alleged he spent in this matter. Plaintiff's counsel seeks 0.20 paralegal hour on May 21, 2010 (Paralegal verified that valid service of summons had been made upon Defendant, then executed and filed Return of Service), from which we deduct 0.20 paralegal hour; and 0.30 paralegal hour on June 1, 2010 (Paralegal prepared and scanned Affidavit of Service to Clerk, Office of General Counsel, Attorney General of U.S., and U.S. Attorney), from which we deduct 0.30 paralegal hour. This time cannot be compensated under the EAJA as it is found to be clerical work. See Missouri v. Jenkins by Agyei, 491 U.S. 274, 288 (1989)(paralegal work is work that might otherwise be performed by a lawyer, such as factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence. Purely clerical or secretarial tasks should not be billed at a paralegal rate); Miller v. Alamo, 983 F.2d 856, 862 (8th Cir. 1993)(Work done by paralegals is compensable if it is work that would have been done by an attorney, such as going to the library to locate cases and preparing materials used by an attorney at oral argument). Accordingly, we deduct 0.50 paralegal hour from the total number of compensable hours sought.

Based upon the foregoing, the Court finds that Plaintiff should be awarded attorney's fees under the EAJA for: 13.10 attorney hours at a rate of $165.00 per hour, and 2.00 paralegal hours (2.50 - 0.50) at a rate of $50.00 per hour, for a total attorney's fee award of $2,261.50. This

AO72A
(Rev. 8/82)

amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

DATED this day of 5th day of December, 2011.

/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)